FILED
SUPERIOR COURT
OF GUAM

2014 APR -7 PM 2: 21

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

HOWARD CHUN,                                          )                    CASE NO. CV0479-13
                                                     )
                    Plaintiff,                       )
                                                     )
          v.                                         )          **DECISION AND ORDER**
                                                     )          **ON MOTION FOR SUMMARY**
YIP'S ENTERPRISE (GUAM) INC.,                        )                   **JUDGMENT**
ELLEN'S REALTY, and ONE                              )
ROCKFORD CORPORATION,                                )
                                                     )
                    Defendants.                      ) .
                                                     )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on January 27, 2014 on Defendant Yip's Enterprise (Guam) Inc.'s (hereinafter "Yip's") Motion for Summary Judgment. Attorney Terence E. Timblin represented Yip's. Neither Plaintiff Howard Chun nor Attorney Phillip Torres were present. Mr. Timblin stated for the record that he was in contact with Plaintiff's counsel and that parties were willing to submit the matter without oral argument. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff Chun filed his Amended Complaint on June 11, 2013, alleging numerous causes of actions against the Defendants stemming from a dispute over a contract for real property. It is alleged that Chun and Yip's entered into a contract for the sale of real property wherein Yip's agreed to sell to Chun two parcels described as Lot Number 2150-1-2-A and Lot Number 2150-1-2-B.[1] It is further

---

[1] A more detailed description of the lots is found in paragraph 6 of the Amended Complaint. Yip's admitted to Plaintiff's Complaint paragraph 6 in paragraph 1 of the Answer filed on September 19, 2013.

alleged that there were encroachment issues with the lots and the parties agreed to extend the closing date four times so Yip's could convey clear title to Chun. (*See* Amended Compl. ¶¶ 11-13). After Plaintiff sought another extension, Yip's declined and, instead, sold the property to Defendant One Rockford Corporation. (*See* Amended Compl. ¶¶ 14-16). In the Amended Complaint, Plaintiff raised the following causes of action against Yip's: 1) Specific Performance; 2) Breach of Contract; 3) Fraud; and 4) Breach of Duty of Good Faith.

On October 17, 2013, Yip's filed a motion captioned "Motion to Dismiss or for Summary Judgment.[2]" Yip's argues that specific performance is an impossibility as title rests with another party, that the breach lies not with Yip's but with Chun, and that that Fraud cause of action is improperly pleaded.

Plaintiff filed his Opposition on December 4, 2013. Yip's filed a Reply on December 2013. For the reasons set forth below, the Motion for Summary Judgment shall be denied.

## DISCUSSION

In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at ¶ 8 (quoting Guam R. Civ. P. 56(c)).

A material fact is one that is relevant to an element of a claim or defense or which might affect the outcome of the suit. See Iizuka Corp. v. Kawasho Intern. (Guam), Inc., 1997 Guam 10. The party seeking summary judgment bears the responsibility of informing the court of the basis of the motion and demonstrating

---

[2] During the motion hearing on January 27, 2013, Counsel for Yip's made clear the proper legal basis for this Court's consideration is on summary judgment.

the absence of a material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In the Reply, Yip's contends:

The generally accepted rule is that an opposition to a motion should address the issues raised in the motion. In this instance, the Opposition largely fails to refute the arguments set forth in the Motion or even address them at all. The first three pages of the Opposition are devoted to a recitation of undisputed facts and which are irrelevant.

(Reply at 1 and 2). The Court agrees. For the most part, Plaintiff's Opposition largely misses the mark. However, this Court is still bound to "its duty to consider the merits of the motion before it." Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 27.

## I. Specific Performance.

The Court begins by questioning whether Specific Performance is a cause of action. In this Court's view, it is a remedy. See Chapter 3 Title 20 of the Guam Code Annotated. See also Shin v. Fujita Kanko Guam, Inc., 2007 Guam 18 at ¶ 16 (referring to specific performance as a remedy). As a remedy, it should not be a count in a complaint, but rather should be included in the prayer for relief so long as facts sufficient to support the relief are properly included in the complaint.

Nonetheless, in an abundance of caution, this Court shall deny the motion for summary judgment. Defendant's basis for the motion is that "performance is impossible because the subject property has already been conveyed to a bona fide purchaser." Yip's cites the following authority:

With regard to the vendee's right to specific performance, the rule is that no decree of specific performance will issue against a vendor in a land contract who has no title or interest in the land that he or she contracted to convey; a decree of specific performance in such a case would be of no avail since equity will not compel him or her to obtain title. Lack of mutuality of obligation is another reason for the denial of relief. This rule is applicable even though it is within the vendor's power to purchase the land at a reasonable price. Furthermore, the rule applies whether want of title existed at the time of the execution of the contract or was caused by subsequent acts of the vendor. Specific performance will not, as a rule, be decreed against a vendor who is

> unable for want of title to comply with his or her contract even though the want of title is caused by the vendor's own act in conveying to a bona fide purchaser.

71 Am. Jur. 2d Specific Performance § 144. *But See* Specific Performance § 88, "Caution: Regarding an award of specific performance in a breach-of-contract action, impossibility of performance is not available as a defense to a party which, by its voluntary act, created the impossibility."

Here, several questions of fact are relevant to a finding of whether specific performance should be granted under these circumstances. More specifically, in a light most favorable to Chun, Yip's is in breach of the contract through its conveyance of the subject matter of the contract to a third party. This presents a material fact that precludes summary judgment.

## II. Breach of Contract and Breach of Duty of Good Faith.

Yip's argues summary judgment is warranted as to the Breach of Contract and Breach of Duty of Good Faith claims. They argue that Chun is the party in breach as he failed to provide a Bank Commitment letter by April 30, 2012 and failed to pay the purchase price in cash by June 15, 2012. Further, Yip's argues that once the fourth extension period ended, there was no duty to Chun.

Chun contends the breach lies with Yip's as their failure to provide clear title because of encroachment issues is what led to the extensions in the first place and that their refusal to extend again and convey to another was in bad faith. Taken in a light most favorable to Chun, Yip's is in breach and summary judgment should not be granted in favor of Yip's.

## III. Pleading Standard for Fraud.

Yip's argues Chun has failed to meet pleading standards for fraud as required under Guam law. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Guam R. Civ. P. 9(b).

The elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. Taitano v. Calvo Finance Corp., 2008 Guam 12 at ¶ 12. To successfully plead fraud, Plaintiff Chun must plead facts with sufficient particularity to demonstrate the elements of fraud. Id. [A] plaintiff need not prove his claim of fraud at the pleadings stage. Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged. Id. at ¶ 16.

A review of the Amended Complaint reveals allegations of misrepresentation can be found in paragraphs 28 and 29. Scienter was alleged in paragraph 33. Intent to defraud was also alleged in paragraph 33. Justifiable reliance was alleged in paragraph 29 and 30. Damages were alleged in paragraphs 31, 35, and 36. Interspersed throughout the complaint are facts pleaded which could also be incorporated into the fraud cause of action. As such, the Court finds that the cause of action was sufficiently pleaded under Rule 9(b) standards and summary judgment is not warranted here.

## CONCLUSION

Because there are genuine issues of material facts and because Plaintiff has satisfied his pleading requirement, Defendant's Motion for Summary Judgment is hereby DENIED. This matter is set for a status hearing on May 12, 2014 at 2:00 p.m.

It is **SO ORDERED** this 3rd day of April, 2014.

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

APR 0 7 2014

Esther V.S. Pinaula
Deputy Clerk, Superior Court of Guam